UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 19-8756 PSG (JPRx) | Date | December 13, 2019 |
|---|---|---|---|
| Title | John Entwistle v. Walmart Inc, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion to remand

Before the Court is Plaintiff John Entwistle's ("Plaintiff") motion to remand. *See* Dkt. # 8 ("*Mot.*"). Defendant Wal-Mart Stores, Inc. ("Defendant") has opposed this motion. *See* Dkt. # 15 ("*Opp.*"). Plaintiff did not file a reply. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the motion.

I. Background

On April 12, 2019, Plaintiff filed this case in Los Angeles Superior Court, asserting claims against Defendant for negligence and premises liability. *See Complaint*, Dkt. # 1-1 ("*Compl.*"). Plaintiff attached a statement of damages to the complaint, which stated that Plaintiff sought more than $5 million in general damages and almost $70,000 in special damages. *See First Statement of Damages*, Dkt. # 8-3 ("*First SOD*"); *Proof of Service*, Dkt. # 8-2, at 1.

On May 14, 2019, Defendant was served with the summons, complaint, the statement of damages, and other documents. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 2; *Proof of Service* at 1. Defendant filed an answer and produced initial discovery shortly after. *See Opp.* 2:23–24. In June 2019, Defendant served a request for a statement of damages and a set of special interrogatories requesting information on Plaintiff's citizenship. *See id.* 2:25–28. On August 14, 2019, Plaintiff provided Defendant with his set of special interrogatory responses "wherein he admitted that he is a citizen of California." *Opp.* 3:1; *Defendant's Special Interrogatories*, Dkt. # 8-7, No. 21; *Plaintiff's Responses to Defendant's Special Interrogatories*, Dkt. # 8-8 ("*Pl's Special Interrogatory Resp*"), No. 21. On September 19, 2019, Plaintiff served another statement of damages on Defendant, again asserting over $5 million in general damages and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8756 PSG (JPRx) | Date | December 13, 2019 |
|---|---|---|---|
| Title | John Entwistle v. Walmart Inc, et al. | | |

including an itemized list of special damages. *See Declaration of Silvia Luna*, Dkt. # 15-1 ("*Luna Decl.*"), Ex. F.

On October 11, 2019, Defendant removed the case to this Court. *See NOR*. On October 24, 2019, Plaintiff filed this motion to remand, arguing that the removal was untimely. *See generally Mot.*

II. Legal Standard

Defendants may generally remove any case filed in state court over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). To remove a case, the defendant must file a notice of removal in federal court. *Id.* § 1446(a). The notice of removal must be filed either (1) within thirty days after the defendant receives the initial pleading *or* (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(2)(A)–(3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005).

The thirty-day clock begins running when the defendant is served with the initial complaint when "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694. In other words, the "ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock . . . to begin." *Id.* at 695. If the case as stated by the initial complaint is not removable on its face, the thirty-day clock does not begin to run until the defendant receives "an amended pleading, motion, order or other paper" from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 697 ("Once defendant is on notice of removability, the thirty-day period begins to run.").

III. Discussion

A. Motion to Remand

In removing this case, Defendant invoked the Court's diversity jurisdiction, which applies when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. *NOR* ¶¶ 6–12; *see* 28 U.S.C. § 1332(a). There is no dispute that these requirements are met in this case. An individual party is a citizen of the state in which he is domiciled—that is, the state where he "resides with the intention to remain" or where he "intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8756 PSG (JPRx) | Date | December 13, 2019 |
|---|---|---|---|
| Title | John Entwistle v. Walmart Inc, et al. | | |

Plaintiff lives in California and does not intend to move, he is domiciled in the state. *See generally Pl's Special Interrogatory Resp*. A corporation is a citizen of its state(s) of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Defendant is incorporated in Delaware and has its principal place of business in Arkansas, so it is a citizen of Delaware and Arkansas. *See NOR* ¶ 9. The parties are therefore completely diverse. Additionally, for purposes of jurisdiction, Defendant does not dispute Plaintiff's second statement of damages, which places more than $75,000 in controversy.

The only issue presented by Plaintiff's motion to remand is whether Defendant's removal was untimely. *See generally Mot*. Defendant removed the case within thirty days of Plaintiff's serving a second statement of damages on Defendant. *See NOR*. The question is whether Defendant was on notice of removability before receiving that statement of damages. The Court believes that it was.[1]

As an attachment to his complaint, filed on May 14, 2019, Plaintiff included a statement of damages that claimed more than $75,000 in damages. *See First SOD*. Plaintiff served this statement on Defendant along with the complaint and summons, which indicates that Defendant knew that the amount in controversy exceeded $75,000 in May 2019, well before September 19, 2019. *See Proof of Service* at 1–3. While Defendant contends that it was not served with this initial statement of damages, it provides no evidence to refute Plaintiff's proof of service, *see* Dkt. # 8-2. "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). And, although Defendant asked for a second statement of damages from Plaintiff, Defendant "should not be able to ignore pleadings or other documents from which removability

---

[1] Defendant also argues that it lacked notice of Plaintiff's California citizenship until September 19, 2019 because Plaintiff's responses to Defendant's form interrogatories, received on August 14, 2019, only identified Plaintiff's residence, not Plaintiff's citizenship. *See Opp.* 4–5. However, Defendant contradicts itself in its own briefing when it states that Plaintiff "admitted he is a citizen of California" in Plaintiff's special interrogatory responses, which Plaintiff served on the same day. *Opp.* 3:1 (citing *Luna Decl.* ¶ 7). Moreover, upon the Court's own review of the special interrogatory responses, Plaintiff clearly states that he is a California citizen. *See Pl's Special Interrogatory Resp*, No. 21. Therefore, the Court finds that Defendant was on notice of Plaintiff's citizenship on August 14, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8756 PSG (JPRx) | Date | December 13, 2019 |
|---|---|---|---|
| Title | John Entwistle v. Walmart Inc, et al. | | |

may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *See Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *see also* 28 U.S.C. § 1446(c)(3)(A) (stating that information relating to the amount in controversy in the record of the state proceeding may be used to ascertain whether a case is removable).

Accordingly, because Defendant was on notice of the amount in controversy in May 2019 and Plaintiff's citizenship on August 14, 2019, the thirty-day clock began running on August 14, 2019 and had already expired when Defendant filed its notice of removal on October 11, 2019. Defendant's removal was therefore untimely, and the Court **GRANTS** the motion to remand as a result.

### B. Attorneys' Fees

Where a plaintiff is successful on a remand motion, the court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has specified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Plaintiff's request for attorneys' fees is **DENIED** because the Court does not find that removal was objectively unreasonable. Although the Court holds that Defendant's removal was improper, Defendant's attempt to do so based on when it received the statement of damages was not so objectively unreasonable as to justify fees here. *See id.*

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. Accordingly, the case is **REMANDED** to Los Angeles Superior Court (No. 19STCV12753).

This order closes the case.

**IT IS SO ORDERED**.